```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
           v.                   :
                                :
JONATHAN JACKSON                :      NO. 03-281-01
```

MEMORANDUM

Bartle, C.J.                                            December 29, 2008

Before the court is the motion of Jonathan Jackson for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

On October 6, 2003, Jackson pleaded guilty to one count of possession with intent to distribute more than five grams of cocaine base (crack) and one count of possession with intent to distribute cocaine, both in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, defendant stipulated that he qualified as a "career offender" pursuant to U.S.S.G. § 4B1.1.

During a sentencing hearing on January 9, 2004, the court found that in the absence of the career offender designation, Jackson's base offense level would have been 26 and his criminal history category would have been IV. This equated to a range of 92 to 115 months' imprisonment. Because of Jackson's status as a career offender, however, he faced an enhanced offense level of 34 and a criminal history category of VI. After receiving a 3-point reduction for acceptance of responsibility, defendant faced a total offense level of 31 and a Guidelines range of 188 to 235 months' imprisonment. Pursuant to

a government motion under U.S.S.G. § 5K1.1, which allows a court to depart from the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense," the court sentenced Jackson to a below-Guidelines sentence of 108 months.

Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). Jackson relies on the Sentencing Commission's adoption of Amendment 706, which lowers retroactively the Guidelines range for possession and distribution of certain amounts of crack cocaine. He concedes that prisoners sentenced pursuant to career offender provisions typically are not entitled to a reduction based on Amendment 706. Jackson distinguishes his own case, however, on the ground that his sentence of 108 months' imprisonment, which the court reached by departing downward pursuant to § 5K1.1, falls within the Guidelines range that was subsequently lowered by the Sentencing Commission in Amendment 706. He argues that his sentence was in reality "based on" the original, and subsequently lowered, Guidelines range for his crack cocaine offenses.

Recent decisions in our circuit have been uniform in holding that where a court sentencing a career offender departs downward from the Guidelines range, the defendant's sentence

remains "based on" his status as a career offender for purposes of § 3582(c)(2).[1]  See United States v. Squire, Crim. No. 97-461, 2008 WL 4694915, at *3 (E.D. Pa. Oct. 23, 2008); United States v. Boyd, Crim No. 01-29, 2008 WL 2537139, at *3 (W.D. Pa. June 24, 2008); United States v. Thompson, Crim. No. 99-89 (M.D. Pa. Apr. 10, 2008), aff'd, No. 08-2485, 290 Fed. App'x 519, 2008 WL 3974337 (3d Cir. Aug. 28, 2008).  Where the defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not entitled to a sentence reduction under § 3582(c)(2).  Because we conclude that Jackson's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," we will deny him relief on that basis.

We further find that Jackson's remaining arguments, including those based on United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007), are meritless.  Our Court of Appeals has explained that when a district court hears a motion under § 3582, its discretion is "constrain[ed] to the retroactive amendment at issue ..." because a reduction pursuant to § 3582 does not constitute a "full resentencing."  United States v. McBride, 283 F.3d 612 (3d Cir. 2002); see also United States v. Wise, 515 F.3d 207, 221 (3d Cir.

---

1.  The only exception to this rule has been where the trial court departed downward upon a finding that the enhanced criminal history category associated with the career offender designation substantially over-represents the defendant's criminal history. See, e.g., United States v. Poindexter, 550 F. Supp. 2d 578, 581-83 (E.D. Pa. 2008).  Those circumstances do not exist here.

2008).  On that basis we will deny application of <u>Booker</u> and <u>Kimbrough</u> on motions under § 3582(c)(2).  <u>See</u> <u>United States v. Rivera</u>, 535 F. Supp. 2d 527, 531 (E.D. Pa. 2008).

     Accordingly, we will deny Jackson's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
             v.                 :
                                :
JONATHAN JACKSON                :        NO. 03-281-01
```

ORDER

AND NOW, this 29th day of December, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of Jonathan Jackson for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

                                        BY THE COURT:


                                        /s/ Harvey Bartle III_____
                                                               C.J.